IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRIAN H. NEELY and KAREN NEELY**  PLAINTIFFS

**V.**  CASE NO. 4:04CV106

**REGIONS BANK, INC., a/k/a REGIONS**
**MORTGAGE, INC., PIERCE LEDYARD,**
**TONDA BURT, HELEN F-J JOYCE,**
**JANE DOE paralegal for PIERCE LEDYARD,**
**and JOHN DOE, attorney**  DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the Court on the motion [54-11] of defendants Pierce Ledyard and Helen F-J Joyce for summary judgment. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiffs are Brian and Karen Neely, both residents of Tupelo, Mississippi. The defendants are Regions Bank, an Alabama corporation; several Alabama residents (including Helen F-J Joyce); the Alabama law firm of Pierce Ledyard, PC; and "John Doe," identified as an attorney and Mississippi resident. The suit arises from the foreclosure of property in Greenville, Mississippi owned by the Neelys. The complaint alleges that Regions Bank, which held the mortgage on the Greenville property, improperly foreclosed on it. The Neelys had purchased the property in 1992, at which time Brian Neely executed a promissory note on a principal sum of $75,886.00 secured by the deed of trust for the property. The promissory note required Brian Neely to make monthly payments over a 30-year-period toward the principal at a rate of 8% interest per annum.

In March of 2003, Regions Bank retained the Pierce Ledyard firm to initiate foreclosure proceedings against the Neelys because of their serious delinquency on the loan. Helen Joyce, an

attorney at Pierce Ledyard handled the foreclosure proceedings, assisted by a paralegal named Amy Barbour. On May 1, 2003, Regions Bank substituted Joyce as trustee on the deed of trust securing Brian Neely's promissory note, and the subject property was sold at a foreclosure sale on July 17, 2003.

The Neelys later brought this action against Regions Bank, Pierce Ledyard and Helen Joyce on a "wrongful foreclosure" theory. The sole claim raised against Pierce Ledyard and Joyce in the complaint is that Brian Neely allegedly contacted Helen Joyce and asked her to provide him with the amount by which the mortgage was in arrears and that Joyce did not provide them with this information. Pierce Ledyard and Joyce now move for summary judgment, arguing that Joyce did provide the Neelys with all the arrearage information they requested despite the fact that she had no duty to do so as trustee.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

The Mississippi Supreme Court has held that, under Mississippi law, a deed of trust is only superficially analogous to a conventional trust and is actually "little more than a common law mortgage with a power to convey in the event of default." Wansley v. First Nat. Bank of Vicksburg, Vicksburg, Miss., 566 So.2d 1218, 1223 (Miss. 1990). In this context, "[t]he trustee is little more than an agent, albeit for both parties, and the writing prescribes his duties. Wansley, 566 So.2d at 1223. Generally speaking, "[t]he trustee has no duties or responsibilities until called upon to foreclose, and then his duty is limited to conducting a fair and impartial sale according to law and the contract between the parties." Mississippi Real Estate Foreclosure Law § 2:3 (2d ed.)

The Neelys spend considerable time in their response brief attempting to identify disputed issues about whether Helen Joyce and the Pierce Ledyard firm responded to their request for arrearage information. However, they do not respond at all to the defendants' argument that Joyce was not even obligated to respond to such requests. The Court is likewise unaware of any authority suggesting that a mortgage trustee has any duty to the debtor other than to conduct a fair and impartial foreclosure sale of the debtor's mortgaged property. Accordingly, the motion for summary judgment is well-taken and should be GRANTED. A separate order to that effect shall issue this day.

This is the 21st day of March, 2006.

             /s/ Michael P. Mills
            **UNITED STATES DISTRICT JUDGE**