**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**BRIAN H. NEELY and KAREN NEELY**                                      **PLAINTIFFS**

**V.**                                                                                                  **CASE NO. 4:04CV106**

**REGIONS BANK, INC., a/k/a REGIONS**
**MORTGAGE, INC.**                                                                                **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the Court on several motions filed by defendant Regions Bank, Inc.: Motion for Contempt and To Dismiss [24-1]; Motion to Dismiss [37-1]; Motion for Summary Judgment [57-1]; and Motion to Strike [68-1]. The Court has reviewed the briefs and exhibits. Additionally, a hearing on these motions was scheduled for March 23, 2006, at which the plaintiffs failed to appear, despite having full notice of the hearing date. Accordingly, the Court heard oral arguments from counsel for Regions. The Court is now prepared to rule.

The plaintiffs are Brian and Karen Neely, both residents of Tupelo, Mississippi. The defendants originally included Regions Bank, an Alabama corporation; several Alabama residents (including Helen F-J Joyce); the Alabama law firm of Pierce Ledyard, PC; and "John Doe," identified as an attorney and Mississippi resident. The suit arises from the foreclosure of property in Greenville, Mississippi owned by the Neelys. The complaint alleges that Regions Bank, which held the mortgage on the Greenville property, improperly foreclosed on it. The Neelys had purchased the property in 1992, at which time Brian Neely executed a promissory note on a principal sum of $75,886.00 secured by the deed of trust for the property. The promissory note required Brian Neely to make monthly payments over a 30-year-period toward the principal at a rate of 8% interest per annum.

In March of 2003, Regions Bank retained the Pierce Ledyard firm to initiate foreclosure proceedings against the Neelys because of their serious delinquency on the loan. Helen Joyce, an attorney at Pierce Ledyard handled the foreclosure proceedings, assisted by a paralegal named Amy Barbour. On May 1, 2003, Regions Bank substituted Joyce as trustee on the deed of trust securing the promissory note, and the subject property was sold at a foreclosure sale on July 17, 2003.

The Neelys later brought this action against Regions Bank, Pierce Ledyard and Helen Joyce on a "wrongful foreclosure" theory. The complaint alleged that the Neelys did in fact send in two cashier's checks to bring their account up to date, that those checks were received by Regions Bank, and that the defendants proceeded with the foreclosure sale anyway. The complaint also alleges that the defendants refused to communicate to the Neelys the amount required to bring their account up to date despite numerous requests.

The case management conference was held on February 25, 2005, at which time the magistrate judge set this case on an expedited case track. The magistrate also directed that "[a]ll parties shall on or before March 11, 2005, serve the initial disclosure required by FRCP Rule 26.1, and furnish copies of relevant documents to counsel opposite." On March 24, 2005, Regions Bank filed a Motion for Contempt and To Dismiss [24-1], stating that, as of that date, the Neelys had failed to produce copies of the two cashier's checks which form the basis of their complaint, along with any corresponding certified mail documentation. On April 19, 2005, having still not received the requested documents, Regions Bank filed a motion to Compel Discovery Responses. The magistrate later granted that motion, directing the Neelys to serve full and complete responses to the defendants' discovery requests on or before May 4, 2005, all objections having been waived. The magistrate also warned the Neelys that failure to comply would result in a recommendation that this case be

2

dismissed for failure to prosecute and failure to obey an order of the court.

Despite this clear admonishment, the Neelys did not serve their responses until May 6, 2005, with the end result that the defendants were forced to depose them on May 5, 2005 without the benefit of the disclosures. Regions filed its second motion to dismiss on May 11, 2005, pointing out the Neelys' continued failure to comply with discovery requests in anything resembling a timely manner and noting the magistrate's recommendation that the case be dismissed for failure to comply with its orders. The Neelys did respond promptly to the motion to dismiss, attributing their prior tardiness to the fact that their attorney "was in Chicago, Illinois for medical reasons during the latter part of the month of March [2005]." This, of course, does nothing to address the plaintiffs inability to respond throughout the beginning of March and all of April.

The response also states that the fact that Mrs. Neely was now living and working in Kansas City, Missouri and Mr. Neely was living and working in Tupelo, Mississippi "caused difficulties in coordinating completion of the discovery request in an orderly and timely matter." The Neelys did not describe the nature of these "difficulties" beyond this single conclusory statement. As a final argument, the Neelys remarkably assert that any delay in complying with the magistrate's order was harmless since Regions Bank was free to ask the Neelys any of the questions contained in the initial disclosures during the March 5, 2005 depositions, despite the obvious fact that the Neelys' failure to timely respond robbed Regions Bank of the opportunity to properly prepare for those depositions.

On June 22, 2005, Regions Bank filed its motion for summary judgment, arguing (1) that the Neelys have failed to present any evidence that they had ever mailed the cashier's checks in question, and (2) that, assuming arguendo that the Neelys did mail in the two cashier's checks and they had been negotiated by Regions Bank, the amount tendered would still not have been enough to cure the

3

Neelys' arrearage and so foreclosure would still have been proper. In their response to this motion, the Neelys, apparently for the first time at any point in this litigation, produced photocopy evidence of two additional checks drawn on Mr. Neely's own business account which, according to the Neelys, would have been sufficient to satisfy the remainder of their arrearage. Regions Bank promptly filed a motion to exclude the exhibit containing the two business checks, which it alleges had never been mentioned before at any point in the litigation and had not even been referenced in the complaint (which stated clearly that the arrearage had been cured by two cashier's checks).

The Neelys insist that the two business checks were included within their disclosures to Regions Bank. Regions Bank denies this, however, and submits numerous affidavits which declare that the two checks were not contained in any of the Neelys' disclosures prior to the summary judgment response. Alternately, Regions Bank argues that the two checks should be stricken even if they were part of the Neelys disclosures due to the untimeliness of those disclosures.

On January 6, 2006, this Court sent notice to all parties of a hearing scheduled on March 23, 2006 to address the Motion for Contempt and To Dismiss. On March 21, 2006, the Court granted the summary judgment motion of defendants Pierce Ledyard and Helen F-J Joyce on grounds unrelated to those raised by Regions Bank. On March 23, the contempt hearing was held as scheduled, which the Neelys did not deign to attend.

## **ANALYSIS**

Under Rule 37, this Court has the discretion to dismiss a complaint with prejudice when a party refuses to obey a valid discovery order. Batson v. Neal Spelce Associates, Inc., 765 F.2d 511, 514 (5th Cir. 1985). In determining whether dismissal is warranted, this Court must take several considerations into account, including: (1) whether the failure to comply with the Court's order

4

results from wilfulness or bad faith rather than the inability to comply, (2) whether the deterrent value of Rule 37 cannot be substantially achieved through less drastic sanctions, (3) whether the other party's preparation for trial was substantially prejudiced, and (4) whether the neglect is plainly attributable to an attorney rather than a blameless client or the result of confusion or sincere misunderstanding of the Court's orders. Batson, 765 F.2d at 514.

In the case at bar, the Court observes what can only be considered a persistent pattern of abuse of the discovery process on the part of the plaintiffs dating almost from the inception of this case. While the Neelys attribute some of their delay to an alleged illness on the part of their former attorney and vague claims of "difficulties" in coordinating responses between Mr. and Mrs. Neely, these claims fall far short of demonstrating any true inability to comply, and given the consistent nature of their delays, the Court is fully satisfied that their discovery failures are the result of wilfulness or bad faith rather than any acceptable reason. The Neelys' actions have severely prejudiced Regions Bank by making it effectively impossible for the defendant to properly prepare for the May 5, 2005 depositions, the only depositions the defendant would be permitted under the Court's expedited case track. Furthermore, despite the Neelys' half-hearted efforts to pass the blame for these delays off on their former attorney, Mr. Neely himself is a member of the Bar and a practicing attorney. Indeed, Mr. Neely has clearly been involved in the litigation of this case even before the withdrawal of the Neelys' previous counsel of record. Unquestionably, he is not a "blameless client" who cannot be held accountable for some other attorney's malfeasance. Rather, the Court finds that Mr. Neely was an active participant in the plaintiffs' ongoing pattern of dilatory actions.

The final question for the Court under Rule 37 is whether the deterrent value of Rule 37

cannot be substantially achieved through less drastic sanctions. Id. Regions Bank argues that dismissal of the case is the only appropriate sanction for conduct as severe as that of the plaintiffs. The Court agrees, and is prepared to go even farther. The undisputed facts of the case show that the Neelys have never, at any stage of the proceedings, come forward with any evidence (other than unsupported and conclusory allegations) to show that they ever mailed any cashier's checks or indeed any other checks to Regions Bank. Furthermore, even if the Court were to accept the Neelys' unsupported and unsubstantiated claims as true, despite Regions Bank's overwhelming documentary evidence that it never received any such checks, it is undisputed that the amount the Neelys claim to have tendered was insufficient to bring their account up to date prior to the foreclosure proceedings. Indeed, even if the Court accepted as admissible the unauthenticated business checks submitted by the Neelys after the discovery deadline, the amount allegedly tendered still would not have been sufficient to cover the additional mortgage payments the Neelys failed to pay in April, May, June and July of 2005.

A suit is frivolous if it is "so lacking in arguable merit as to be groundless or without foundation." Plemer v. Parsons-Gilbane, 713 F.2d 1127, 1140-41 (5th Cir. 1983). In determining whether a suit is frivolous, this Court must consider factors including: (1) whether the plaintiffs established a prima facie case, (2) whether the defendants ever sought to settle the case, and (3) whether the Court dismissed the case or held a full trial. U.S. v. Mississippi, 921 F.2d 604, 609 (5th Cir. 1991). As the Neelys have failed to provide any meaningful proof that Regions Bank ever received funds sufficient to cover the arrearage on the Neelys account, the Court is satisfied that the Neelys have failed to establish a prima facie case for wrongful foreclosure, and summary judgment would be proper on that basis alone. Regions Bank has vigorously contested this case from the

beginning, consistently arguing that the Neelys could not prove their prima facie case, and there is no evidence before the Court suggesting that Regions Bank ever even contemplated a settlement in this case due to the weakness of its facts. The Court has little difficulty finding that this case is "so lacking in arguable merit as to be groundless or without foundation."

Accordingly, the Court hereby dismisses this case as frivolous. Alternatively, the Court dismisses the case under its Rule 37 powers due to the Neelys' persistent and contumacious violations of this Court's discovery orders. Finally, as a third alternative, the Court grants the motion of Regions Bank for summary judgment, finding that the Neelys have no possibility of proving their prima facie case of wrongful foreclosure and that Regions Bank is entitled to judgment as a matter of law.[1] See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). As a final matter, to the extent that the defendant's motion to strike is relevant to any future proceedings, that motion is granted. The document in question (a photocopy of the two business checks), assuming it was ever provided to Regions Bank, was not sent until March 20, 2005, about two weeks after the deadline imposed by the magistrate for the production of such documents. Unquestionably, the document identified as Exhibit C in the plaintiffs' response to the motion for summary judgment was not produced in a timely manner, and accordingly, it is stricken.

Because the Court both grants the defendant's motion for contempt and sua sponte dismisses the case as frivolous, the Court concludes that Regions Bank is entitled to an award of attorney's

---

[1] The Neelys also argue that Regions Bank is liable for its alleged failure to notify them as to the proper pay-off amount for their mortgage. In stark contrast to the Neelys' failure to show proof that they actually mailed cashier's checks to the defendant, Regions Bank has presented considerable documentary evidence demonstrating their efforts to keep the Neelys apprized of their financial obligations, all of it unrebutted by the Neelys. To the extent that the complaint raises a cause of action against the defendant for failing to notify the Neelys as to the proper pay-off amount, summary judgment is granted to Regions Bank on that issue as well.

7

fees. At the conclusion of the contempt hearing held on March 23, 2006, the Court indicated that it would award Regions Bank an amount equal to all of its attorney's fees expended thus far in this litigation. Upon reflection, however, the Court notes that the authority it relied upon in making that award was actually limited to frivolous cases brought under civil rights laws and that the statutory basis for granting attorney's fees in a non-civil rights case such as this one may not support an award of the entire attorney's fees. Accordingly, it is ORDERED that Regions Bank shall have ten days from the entry of this opinion and order in which to file a formal motion for attorneys fees, as well as a brief outlining the statutory basis for the attorney's fees sought. Thereafter, the Neelys shall have five days in which to file a response brief. Failure on the part of the Neelys to respond in a timely manner shall be considered a waiver of objections to the motion for attorney's fees.

## **CONCLUSION**

Based on the foregoing analysis, it is hereby ORDERED:

1. that the Motion for Contempt and To Dismiss [24-1] is GRANTED;

2. that this case is DISMISSED with prejudice as frivolous sua sponte;

3. that the Second Motion to Dismiss [37-1] is GRANTED;

4. that the Motion for Summary Judgment [57-1] is GRANTED;

5. that the Motion to Strike [68-1] is GRANTED; and

6. that the defendant shall have ten (10) days from the entry of this order in which to file its motion for attorney's fees, and that the plaintiff shall have five (5) days thereafter in which to respond.

This is the 24th day of March, 2006.

                                         **/s/ Michael P. Mills**
                                         **UNITED STATES DISTRICT JUDGE**