**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**BRIAN H. NEELY and**                                                             **PLAINTIFFS**
**KAREN NEELY**

**V.**                                                           **CASE NO 4:04CV106**

**REGIONS BANK, INC. et al**                                     **DEFENDANTS**

**MEMORANDUM OPINION**

      This cause comes before the court on multiple motions by the plaintiffs in this action and on one motion by Defendant Regions Bank. The court has before it the plaintiffs' original motion [83] and corrected motion [87] for reconsideration of this court's memorandum opinion and order filed March 24, 2006. It also has before it the plaintiffs' motion [95] to strike the Pierce Ledyard defendants' response to the motion for reconsideration, as well as Defendant Region Bank's motion [88] for attorney's fees. This court has reviewed the briefs and submissions and is prepared to rule.

1. <u>Motion to Reconsider Memorandum Opinion and Order of March 24, 2006 and for Recusal</u>

      While the Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, the Fifth Circuit has held that such a motion may be entertained by a court and should be treated either as a motion to "alter or amend" pursuant to Rule 59(e) or a motion from "relief from judgment" pursuant to Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). Specifically, if the motion for reconsideration is filed and served within ten days of the rendition of judgment, the motion falls under Rule 59(e), and if it is filed and served after that time, it falls under the more stringent Rule 60(b). *Teal*, 933 F.2d at 347. In this case, the

plaintiffs filed their motion to reconsider on April 4, 2006, within the ten-day window, and Rule 59(e) is applicable.

Under Rule 59(e), there are three possible grounds for granting a motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990). The plaintiffs oppose three rulings in this court's previous opinion: the grant of summary judgment, the dismissal under Rule 37(b), and the dismissal as frivolous.

With regard to the motion for summary judgment, the plaintiffs have put forth an extensive argument regarding Mississippi case law. However, the Neelys have not demonstrated that there has been an intervening change in controlling law, an availability of new evidence not previously available, or that the court needs to correct a clear error of law or prevent manifest injustice. The plaintiffs assert that the court impermissibly weighed conflicting evidence and made credibility determinations about witnesses. The court did not impermissibly weigh evidence or make credibility determinations. The plaintiffs simply failed to establish a prima facie case of wrongful foreclosure. In fact, this court accepted as true the Neelys' assertion that they mailed cashiers checks to Regions Bank in order to cure the default. Even accepting that fact as true, the amount the Neelys alleged to have sent would not have covered the entirety of the default. As such, this court was not in error in its grant of summary judgment.

The Neelys also address the dismissal of the action under Rule 37(b). In its memorandum opinion of March 24, 2006, this court chronicled the various discovery violations of the plaintiffs, as well as their failure to appear for a contempt hearing. Aside from remonstrating that

they were not registered for the court's ECF system and that they never received notification of the hearing through the US Postal Service, the plaintiffs' arguments are repetitions of prior arguments. These arguments do not merit reconsideration. First, the court did notify the Neelys of the hearing through the Unites States Postal Service. Alternately, the plaintiffs' arguments do not meet any of the three grounds that would entitle them to reconsideration.

The Neelys' argument that the instant suit is not frivolous also does not merit reconsideration. The plaintiffs summarily state that it is "extremely difficult to understand how this instant matter is frivolous and lacks merit" and how sanctions were warranted. The court found the suit frivolous based on the assertions made by the Neelys. An action for wrongful foreclosure cannot be sustained if the plaintiffs themselves assert that they tendered an amount of money that is clearly less than the arrearage.

Finally, with respect to the motion for reconsideration and recusal, the plaintiffs move that this court recuse itself because the conduct of their previous attorney has poisoned the court's attitude against the Neelys and that the wife of Magistrate Judge Eugene Bogan, Linda Bogan, has been listed as a witness on the issue of mitigation of damages. The Neelys do not elaborate further on why recusal is necessary.

Any judge shall disqualify himself in any proceeding in which his impartiality might *reasonably* be questioned. 28 U.S.C. § 455. The recusal standard is objective and the relevant inquiry is whether a 'reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality.' *Trevino v. Johnson*, 168 F.3d 173, 178. This reasonable person standard contemplates a well informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person. *Id.* at 179 (internal citations omitted). Judicial

rulings alone almost never constitute a valid basis for a bias or partiality motion. *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003).

The plaintiffs have not made any showing beyond their conclusory statement that this court holds bias toward them. Further, this court finds that Mrs. Bogen's presence as a potential witness has little to do with the propriety of the District Court's ability to hear this case. A request for recusal on the grounds that Mrs. Bogen is a potential witness, while lacking merit at this juncture, at the very least would have been more appropriate having been directed to the magistrate judge.

2. Motion to Strike

The Neelys have filed a motion to strike the Pierce Ledyard defendants' response to the recusal portion of their motion for reconsideration and recusal filed on April 4, 2006. The Neelys allege that the motion is untimely. However, it appears that the plaintiffs are confused as to which motion for reconsideration the Pierce Ledyard defendants are responding.

The Pierce Ledyard defendants filed their response to the Neelys motion for reconsideration and recusal on April 19, 2006. In the plaintiffs reply to the Pierce Ledyard defendants' response to the motion to strike, it becomes apparent that the Neelys believe that the defendants were responding to the plaintiffs' motion for reconsideration of this court's opinion filed on March 21, 2006. The plaintiffs are correct in their assertion that the Pierce Ledyard defendants have already responded to that motion and that further response would be untimely. Nonetheless, that is not the motion the defendants are responding to. The defendants' response to the Neelys' motion filed on April 4, 2006 is timely; therefore, the motion to strike must be denied.

3. <u>Attorney's Fees</u>

This court has the power to award attorney's fees under Fed. R. Civ. Pro. 11, Fed. R. Civ. Pro. 37, 28 U.S.C. § 1927, and its inherent power to protect its integrity. On March 24, 2006, this court ordered Defendant Regions Bank to file a formal motion for attorney's fees within ten days of this order. The defendant timely filed its motion, and the court will now consider its request under Rules 11 and 37, as well as 28 U.S.C. § 1927.

Regions asserts that it is entitled to recover attorney's fees under Fed. R. Civ. Pro. 11(b) and 11(c). In particular, the defendant seeks recovery of attorney's fees under Fed. R. Civ. Pro. 11(b)(3), which states:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ---
>
> 3. the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

The Neelys argue that according to Rule 11(c)(2)(A) monetary sanctions cannot be awarded against a represented party for a violation of subdivision (b)(2). They assert that neither Brian nor Karen Neely can be subjected to monetary damages for the time they were represented by Mr. Burdine, and that Karen Neely cannot be subjected to monetary damages under both Rule 11 and 28 U.S.C. § 1927. Brian Neely made an appearance as attorney of record on July 13, 2005, and concedes in his response that an attorney proceeding pro se may be exposed to sanctions. However, the defendants note that the plaintiffs Rule 11 argument is misplaced since Regions is specifically seeking attorney's fees under Rule 11(b)(3), and that clients are subject to

5

awards of monetary damages for violation of this subdivision. The note to subdivisions (b) and (c) instructs that the purpose of these provisions is to require that attorneys and pro se litigants conduct a reasonable inquiry into the law and facts. The note also states that sanctions should be imposed on the persons — whether attorneys, law firms, or parties — who have violated the rule or who may be determined to be responsible for the violation.

This court, in its order dated March 24, 2006, has found this case to be frivolous. In its analysis, this court stated:

> A suit is frivolous if it is "so lacking in arguable merit as to be groundless or without foundation." *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1140-41 (5th Cir. 1983). In determining whether a suit is frivolous, this Court must consider factors including: (1) whether the plaintiffs established a prima facie case, (2) whether the defendants ever sought to settle the case, and (3) whether the Court dismissed the case or held a full trial. *U.S. v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991). As the Neelys have failed to provide any meaningful proof that Regions Bank ever received funds sufficient to cover the arrearage on the Neelys account, the Court is satisfied that the Neelys have failed to establish a prima facie case for wrongful foreclosure, and summary judgment would be proper on that basis alone. Regions Bank has vigorously contested this case from the beginning, consistently arguing that the Neelys could not prove their prima facie case, and there is no evidence before the Court suggesting that Regions Bank ever even contemplated a settlement in this case due to the weakness of its facts. The Court has little difficulty finding that this case is "so lacking in arguable merit as to be groundless or without foundation."

Although the court has previously made a finding of frivolity, the plaintiffs again have the opportunity to convince the court that their allegations have evidentiary and factual support which would preclude the imposition of sanctions under Rule 11(b)(3). The Neelys have failed to do so. While citing valid case law regarding wrongful foreclosure, the Neelys have not shown that the facts in the instant matter would create a viable cause of action. The assertion that this cause of action is supported by controlling precedent is disingenuous when facts of this case are

6

highly distinguishable from any of the cases cited by the plaintiffs, and none of the facts alleged by the plaintiffs would support a cause of action under the controlling case law.

28 U.S.C. § 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Clark v. Mortensen*, 93 Fed. Appx. 643, 650 (5th Cir. 2004). The statute requires "that there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Id*.

As 28 U.S.C. § 1927 only applies to attorneys, only plaintiff Brian Neely can be subjected to sanctions under this statute. In fairness, this court will only look to conduct that occurred from the date that Brian Neely made an appearance of counsel of record in determining the appropriateness of sanctions under § 1927.

The court finds that Brian Neely's failure to appear at the hearing on a motion for contempt and to dismiss on March 23, 2006 demonstrates a reckless disregard of the duty owed to the court. This court recognizes that Mr. Neely claims that since he was not registered for the court's CM/ECF system he should have received notification through the US Postal Service. This court has always maintained that notice was mailed to the Neelys; nonetheless, it should also be noted that registration for the CM/ECF system became *mandatory* on January 1, 2006. The dispute regarding notice should not exist as Mr. Neely should have already been registered almost three months prior to the hearing.

Fed. R. Civ. Pro. 37(b)(2) permits this court to impose sanctions on an attorney, a party, or both if they fail to obey a discovery order. The sanctions include reasonable expenses, including attorney's fees, caused by the failure. See Fed. R. Civ. Pro. 37(b)(2). Rule 37

7

sanctions must be applied diligently to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of a deterrent. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980). In *Roadway*, the Supreme Court stated that the District Court had the authority to act upon a request for attorney's fees and costs resulting from violations of Rule 37. *Id*.

In this case, defendant Regions Bank (joined by the Pierce Ledyard defendants) was forced to file a Motion for Contempt and to Dismiss on March 24, 2005. The basis of the motion was the plaintiffs failure to respond to a request made pursuant for Fed. R. Civ. Pro. 26(f) for copies of the two cashier's checks that formed the basis of the complaint for wrongful foreclosure. The checks were requested on February 9, 2005, again at the case management conference on February 25, 2005, and were subject to the case management order that required all initial disclosures to be served on or before March 11, 2005. As of the date the motion was filed, copies of the cashier's checks had not been produced.

On April 19, 2005, defendant Regions Bank filed a Motion to Compel Combined Discovery Responses. While the Neelys did respond to the defendant's Request for Admissions, the plaintiffs had not responded to the request for Combined Discovery Responses or the defendant's April 11, 2005 correspondence inquiring about the responses. Not only did they disregard inquiries about discovery, the Neelys never responded to Regions' motion to compel.

On April 27, 2005, Magistrate Judge Bogen entered an order granting the motion to compel filed on April 19, 2005 and ordered that complete discovery responses were to be filed on or before May 4, 2005. No discovery responses were filed by that date, and the defendants took depositions of the plaintiffs on May 6, 2005, without having received the responses. These

continuous discovery violations are of the nature that Rule 37 sanctions are assuredly meant to deter.

The allocation of sanctions are as follows:

Rule 11 - Brian and Karen Neely

The Neelys are sanctioned in the amount of $6343.10 for violations of Rule 11. The sanction encompasses fees associated with legal research into wrongful foreclosure, review of client documentation to prepare an answer, strategic planning, correspondence with Richard Burdine, and preparing subpoenas for bank records in lieu of receiving information through discovery.

28 U.S.C. § 1927 - Brian Neely

Brian Neely is sanctioned in the amount of $6002.40 for violation of 28 U.S.C. § 1927. The sanction encompasses fees associated with preparation, attendance, and subsequent research regarding the hearing on the Motion for Contempt and to Dismiss held on March 24, 2006.

Rule 37 - Brian and Karen Neely

The Neelys are sanctioned in the amount of $8306.70 for violations of Rule 37. The sanction encompasses fees associated with work done regarding initial and core disclosures, correspondence requesting checks and certified mail receipts, and work on the case management order. It also encompasses the research and work done on the motion to compel and motion for contempt, as well as preparation for depositions that were conducted without the benefit of discovery.

Regions Bank is entitled to costs in the amount of $3651.65. This amount encompasses costs associated with travel, computer aided legal research, and deposition fees in which Regions Bank did not have the benefit of discovery.

## CONCLUSION

Based on the foregoing analysis, it is hereby ORDERED:

1. that the plaintiffs' second motion [83] and corrected motion [87] for reconsideration and recusal is DENIED;

2. that the plaintiffs' motion [96] to strike is DENIED; and

3. Defendant Regions Bank's motion for attorney's fees and costs is GRANTED in the manner outlined in the opinion, for a total amounting to $24303.85. Karen Neely is not responsible for $6002.40 of the sanctions imposed, as this amount reflects sanctions imposed singularly on Brian Neely.

This the 20th day of February, 2007.

                                          **/s/ Michael P. Mills**
                                          **UNITED STATES DISTRICT JUDGE**